UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                                        Case No. 04-80545

RICHARD LEON DRAGOS,          Honorable Patrick J. Duggan

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE [STATEMENT]

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on November 17, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Defendant Richard Dragos ("Defendant") is charged in this case with the following counts: possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of cocaine-base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Presently before the Court is Defendant's motion to suppress the statement he made to police officers following his arrest on June 4, 2004. Defendant asserts that he was under the influence of drugs and alcohol since early in the day on June 4, and therefore could not knowingly and intelligently waive his rights pursuant to

*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Defendant alternatively seeks suppression of his statement, claiming it was the fruit of an unlawful search of his home.[1] A hearing on Defendant's motion was held on November 15, 2005.  For the reasons that follow, the Court denies Defendant's request for suppression of his statement.

## Applicable Law and Analysis

The prosecution bears the burden of establishing the admissibility of a confession.  It must demonstrate both a valid *Miranda* waiver and the voluntariness of an inculpatory statement.  Defendant does not claim that the officers did not provide him *Miranda* warnings. Defendant contends, however, that his confession was not voluntary because he was under the influence of drugs and alcohol and therefore could not knowingly and intelligently waive his *Miranda* rights.

The Sixth Circuit has identified three conditions that must be present for a due process claim of involuntary confession to succeed:

> Threshold to the determination that a confession was "involuntary" for due process purposes is the requirement that the police "extorted [the confession] from the accused by means of coercive activity." . . . Once it is established that the police activity was objectively coercive, it is necessary to examine petitioner's subjective state of mind to determine whether the "coercion" in question was sufficient to overbear the will of the accused . . . Finally, petitioner must prove that his will was overborne *because* of the coercive police activity in question.  If the police misconduct at issue was not the "crucial motivating factor" behind petitioner's decision to confess, the confession may not be suppressed . . .

---

[1] The Court previously rejected Defendant's claim that the search of his residence on June 4, 2004, was unlawful.  See 7/25/05 Order Denying Motion to Suppress Evidence.

*McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988)(emphasis in original)(internal citations omitted). As the Supreme Court explained in *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 522 (1986), "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."

Thus in *Connelly*, where the defendant later diagnosed as suffering from a psychosis that interfered with his ability to make free and rational choices approached a police officer and insisted on confessing to a murder, the Court concluded that the confession was voluntary absent coercive police activity. The *Connelly* Court reasoned:

> [T]he sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion . . . Indeed, the Fifth Amendment privilege is not concerned "with moral and psychological pressures to confess emanating from sources other than official coercion." . . . The voluntariness of a waiver of this privilege has always depended on the absence of police overreaching, not on "free choice" in any broader sense of the word . . . "The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception . . ."

*Id*. at 170, 107 S. Ct. at 523. As the Sixth Circuit subsequently explained, "[e]vidence that a defendant suffered, at the relevant time, from a condition or deficiency that impaired his cognitive or volitional capacity is never, by itself, sufficient to warrant the conclusion that his confession was involuntary for purposes of due process; some element of police coercion is always necessary." *United States v. Newman*, 889 F.2d 88, 94 (6th Cir. 1989)(citation omitted). Instead, the defendant's cognitive or volitional capacity only is relevant in evaluating his or her subjective state of mind to determine whether the

3

coercion in question was sufficient to overbear the defendant's will.  Thus the Sixth Circuit has found a defendant's confession to be voluntary, despite the defendant's intoxication from alcohol or medication, where there was no evidence of coercive police activity.  *See, e.g., Newman*, 889 F.2d at 95 (holding that the defendant's alcoholism, absent evidence that his confession or waiver of rights was in any way attributable to the misconduct of the FBI agents, did not require suppression of the defendant's confession); *United States v. Treadwell*, No. 99-6548, 2001 WL 599709, at *9 (6th Cir. May 24, 2001)(unpublished op.)(upholding district court's denial of the defendant's suppression motion because, although the defendant voluntary ingested an intoxicating medication in a dose more than five times that prescribed by state physicians, there was "no evidence that the agents engaged in coercive activity of any sort or that they knew of his supposedly weakened mental state and chose to exploit it"); *Marcum v. Knight*, No. 89-6192, 1991 WL 1106 (6th Cir. Jan. 8, 1991)(unpublished op.)(upholding denial of the defendant's motion to suppress her confession to police officers based on the defendant's claim that she was too intoxicated to make a voluntary statement or validly waive her Miranda rights, in the absence of coercive police activity).

At the hearing on November 15, 2005, the Government called Special Agent Joseph Nether, who testified that he read Defendant his *Miranda* rights, Defendant waived his *Miranda* rights, and Defendant then knowingly and voluntarily signed a written inculpatory statement.  Agent Nether testified that, in his judgment, Defendant was not influenced by the consumption of alcohol or drugs and was able to fully understand his *Miranda* rights. Agent Nether further testified that Defendant understood

the questions he was being asked and the answers he gave to Agent Nether, which Agent Nether wrote down and Defendant acknowledged.

Two witnesses testified on behalf of Defendant: his sister Susan Helton and his friend Ronald Derus. In this Court's opinion, because Ms. Helton only conversed with Defendant by telephone, she was not able to give competent testimony as to whether or not Defendant was under the influence of alcohol or drugs when he was questioned by Agent Nether. Mr. Derus was at the party in Defendant's backyard when the police officers arrived. Mr. Derus testified that whenever he observed Defendant, Defendant had a drink in his hand and, in his view, Defendant was "drunk." Mr. Derus also testified, however, that Defendant has a great tolerance for alcohol and often is able to function in a normal manner even after consuming a great deal of alcohol. Mr. Derus was not present during Agent Nether's questioning of Defendant and, in this Court's opinion, his testimony is not sufficient to refute Agent Nether's testimony as to the circumstances surrounding his questioning of Defendant. Having listened to the testimony of the witnesses, the Court is satisfied that Defendant was not affected by the consumption of alcohol or drugs so that the "voluntariness" of his confession was affected. In other words, this Court is not satisfied that Defendant was so intoxicated that he was unable to waive his *Miranda* rights and knowingly and voluntarily provide information to Agent Nether.

Furthermore, even if Defendant's intoxication affected his ability to knowingly and intelligently waive his rights pursuant to *Miranda* and to knowingly and voluntarily provide a statement to Agent Nether, such voluntary intoxication would not, in and of

5

itself, result in an involuntary confession. Defendant does not allege that the police engaged in *any* coercive activity. As set forth above, absent evidence of coercive police activity, Defendant cannot establish that his statement was involuntary.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for suppression of evidence is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
James C. Thomas, Esq.
Richard M. Lustig, Esq.
AUSA Terrence R. Haugabook